IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Junaid Patni,** | ) |
|     **Plaintiff,** | ) |
| | )    No. 21 C 2515 |
| v. | ) |
| | )    Judge Ronald A. Guzmán |
| **Resurgent Capital Services, L.P.,** | ) |
|     **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court dismisses Plaintiff's FDCPA claims without prejudice for lack of Article III standing. Count Three of the amended complaint alleges a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, but the only jurisdictional basis alleged in the amended complaint is federal-question jurisdiction. Within 7 days of the date of this order, Plaintiff is directed to file a jurisdictional supplement properly alleging the basis for and facts supporting the Court's exercise of jurisdiction over the state-law claim. If no jurisdictional supplement is filed or if it is deficient, the Court will dismiss the case without prejudice for lack of jurisdiction.

## STATEMENT

Plaintiff has sued Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and the Illinois Consumer Fraud and Deceptive Business Practices Act. Plaintiff alleges that Defendant violated §§ 1692c(b) and 1692f of the FDCPA when it contracted with an unaffiliated third-party vendor to cause two collection letters to be sent to Plaintiff.[1] Specifically, despite Plaintiff not having given Defendant permission to share Plaintiff's personal information, purported status as a debtor, and the debt amounts, Defendant provided the third-party letter vendor with this information.

On March 15, 2022, the parties filed a stipulation in which they agreed to the central facts of the case and, purportedly, to Plaintiff's Article III standing. (Dkt. # 36.) Standing, however,

---

[1] Section 1692c(b) states in relevant part that "without the prior consent of the consumer given directly to the debt collector . . . a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." Section 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." Plaintiff states in his memorandum on standing that he is no longer pursuing claims under §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA, (Pl.'s Mem. Standing, Dkt. # 44, at 3 n.1), so those claims are dismissed.

cannot be created by agreement between the parties; the Court has an independent obligation to assess Plaintiff's Article III standing. *See Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 278 (7th Cir. 2020) (noting that standing is considered an "essential ingredient of subject-matter jurisdiction," and, as such, is a "threshold requirement because it derives from the Constitution's limit on federal courts' authority to resolve 'cases' and 'controversies'") (citation omitted).

To establish standing, Plaintiff must show that he has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robbins*, 578 U.S. 330, 338 (2016). An "injury in fact" is both (1) particularized, meaning that it affects the plaintiff in a personal and individual way, and (2) concrete, meaning that the injury actually exists. *Id.* "A concrete injury is 'real, and not abstract.'" *Pierre v. Midland Credit Mgmt., Inc.*, 29 F.4th 934, 937-38 (7th Cir. 2022) (citation omitted). The Supreme Court has recognized that "[v]arious intangible harms can . . . be concrete," including "reputational harms, disclosure of private information, and intrusion upon seclusion." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021). "In determining whether an intangible harm constitutes injury in fact, . . . it is instructive to consider whether an alleged intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts." *Spokeo,* 578 U.S. at 341.

The Court addressed a similar third-party-vendor claim in *Liu v. MRS BPO, LLC*, No. 21 C 2919, 2021 WL 5630764 (N.D. Ill. Nov. 30, 2021), and more specifically, whether the plaintiff had standing.[2] The Court determined that the plaintiff did not allege a concrete injury in fact and therefore did not have standing, noting in part that "publicity given to private life requires publicity, which 'means that the matter is made public*, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge.*'" *Id.* at *4 (citing Restatement (Second) of Torts, § 652(d)) (emphasis in *Liu*). The Court concluded that "no publicity has occurred -- only communication with a mailing vendor. Just as *TransUnion* opined that a claim without publication would lack a close relationship to defamation, without publicity, Plaintiff's claim does not have a close relationship to the claim of publicity given to private life." *Id.* Here, Plaintiff likewise points to the common-law claim of public disclosure of private facts in support of his position on standing. Plaintiff, however, fails to identify any allegations supporting a finding that his personal or debt-related information was communicated to the public at large or to so many people that it was substantially certain to become public knowledge. Indeed, the parties stipulate that Plaintiff has no evidence to rebut the Defendant's contention that "the vendor was provided Plaintiff's encrypted and secured information" and "no individual employed by the letter vendor accessed Plaintiff's data or letter." (Stip., Dkt. # 36, ¶¶ 12-14.) The *Liu* excerpt quoted above further disposes of Plaintiff's incorrect assertion that "the Court should alter the approach it took in *Liu* . . . , where the [C]ourt's opinion pre-dated *Transunion* . . . ." (Pl.'s Mem. Standing, Dkt. # 44, at 15.) The Court expressly discussed *Transunion*, which preceded *Liu* by five months, and relied on its analysis in concluding that Plaintiff had not demonstrated standing. *Liu*, 2021 WL 5630764, at *2-4.[3]

---

[2] The Court does not repeat its entire analysis here but incorporates by reference the discussion on standing in *Liu*.

[3] Nor is the Court persuaded by Plaintiff's assertion that this "Court [in *Liu*] failed to appreciate the fact that privacy interests have long existed at common law." (Pl.'s Mem. Standing, Dkt. # 44,

Plaintiff also does not allege a concrete injury, contending only that he suffered "embarrassment, aggravation and emotional distress," (Compl., Dkt. # 1 ¶¶ 83, 125), which the Seventh Circuit has recently confirmed are insufficient injury to confer standing. *Pierre*, 29 F.4th at 939 (noting that "[p]sychological states," including confusion, emotional distress, and worry, are not legally cognizable harms that impart standing). The Court declines Plaintiff's invitation to adopt the dissent's reasoning in *Pierre*.

In addition, Plaintiff cites to the Eleventh Circuit's opinions in *Hunstein v. Preferred Collection & Mgmt. Servs., Inc.,* 994 F.3d 1341 (11th Cir.) ("Hunstein I"), *opinion vacated and superseded on reh'g,* 7 F.4th 1016 (11th Cir.) ("Hunstein II"), *reh'g en banc granted, opinion vacated*, 17 F.4th 1103 (11th Cir. 2021), in which the Eleventh Circuit originally concluded that the plaintiff, who alleged a third-party-vendor claim, incurred an injury in fact. The Court in *Liu* explained its disagreement with the original *Hunstein* rulings and observed that after *Transunion* was released, the Eleventh Circuit vacated *Hunstein II* and voted to hear the case en banc. *Liu*, 2021 WL 5630764, at *2 n.1. Plaintiff has provided no basis for altering the Court's rejection of the now-vacated reasoning in *Hunstein I* and *II*.

For the reasons stated above, the Court finds that Plaintiff lacks Article III standing to pursue his FDCPA claims, and they are dismissed without prejudice for lack of jurisdiction. Count Three of the amended complaint alleges a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, but the only jurisdictional basis alleged in the amended complaint is federal-question jurisdiction. Within 7 days of the date of this order, Plaintiff is directed to file a jurisdictional supplement properly alleging the basis for and facts supporting the Court's exercise of jurisdiction over the state-law claim. If no jurisdictional supplement is filed or if it is deficient, the Court will dismiss the case without prejudice for lack of jurisdiction.

**Date:** May 18, 2022

*Ronald A. Guzmán*
**Ronald A. Guzmán**
**United States District Judge**

---

at 14.) The Court in *Liu* specifically cited *Spokeo*'s instruction that it should "'consider whether an alleged intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts,'" *Liu*, 2021 WL 5630764, at *2 (citation omitted), and did so, finding that the harm alleged lacked the close relationship that *Spokeo* and *Transunion* require.